FILED

**NOT FOR PUBLICATION**

JUL 16 2010

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JEFFREY FEHR and AUDREY FEHR, | No. 09-35768 |
| Plaintiffs - Appellants, | D.C. No. 3:08-cv-01102-KI |
| v. | |
| JOHN KENNEDY and BATEMAN SEIDEL MINER BLOMGREN CHELLIS & GRAM, P.C., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Garr M. King, Senior District Judge, Presiding

Submitted July 14, 2010[**]
Portland, Oregon

Before: PREGERSON, WARDLAW, and RAWLINSON, Circuit Judges.

Plaintiffs Jeffrey and Audrey Fehr ("Fehrs") filed this diversity action in federal district court against defendant John Kennedy ("Kennedy") for legal

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

malpractice.  Kennedy represented the Fehrs at the mediation of <u>ASH v. Fehr</u>.  The Fehrs allege that they relied on Kennedy's advice to reject a settlement offer made at the mediation and consequently received a less favorable disposition at trial.  The district court granted Kennedy's motion for summary judgment because the Fehrs were unable to present any evidence of attorney malpractice without disclosing confidential mediation communications.  Confidential mediation communications are inadmissible under Or. Rev. Stat. § 36.222(1), which provides: "[M]ediation communications and mediation agreements that are confidential . . . are not admissible as evidence in any subsequent adjudicatory proceeding, and may not be disclosed by the parties or the mediator in any subsequent adjudicatory proceeding."  The district court had jurisdiction under 28 U.S.C. § 1332 and we have jurisdiction under 28 U.S.C. § 1291.  We affirm.

We review de novo a district court's decision granting summary judgment and interpreting state law.  <u>Moreland v. Las Vegas Metro. Police Dep't</u>, 159 F.3d 365, 369 (9th Cir. 1998).  Or. Rev. Stat. § 36.222(1) prohibits disclosure of mediation communications in "any subsequent adjudicatory proceeding."  The parties dispute whether the term "any subsequent adjudicatory proceeding" applies to actions between a party to mediation and his or her attorney.  We hold that it does.

The text and context of § 36.222(1) demonstrate that the Oregon legislature intended the term "any subsequent adjudicatory proceeding" to be read broadly. The word "any" is broad and inclusive, suggesting that § 36.222's nondisclosure requirement applies to the present legal malpractice action. See Wiederhorn v. Multnomah Athletic Club, 170 P.3d 1, 3 (Or. App. 2007) (pointing out that all definitions of the word 'any' "incorporate an element of inclusiveness").

Moreover, even though the Oregon legislature provided a number of exceptions to the nondisclosure requirement, it did not provide an exception for actions between a party to a mediation and his or her attorney. Two of these exceptions would be superfluous if we interpreted "any subsequent adjudicatory proceeding" to be limited to actions involving the same issues and parties as those involved in the underlying mediation. See Or. Rev. Stat. § 36.222(5) (exception permitting disclosure of confidential mediation communications in actions between a party to a mediation and a mediator or mediation program); § 36.222(6) (exception permitting disclosure of confidential mediation communications that directly relate to child or elder abuse under certain circumstances). Therefore, the Oregon legislature clearly did not intend the term "subsequent adjudicatory proceedings" to be limited to proceedings that raise the same issues and involve the same parties as the mediation. See Larsen v. Bd. of Parole and Post-Prison

Supervision, 138 P.3d 16, 19 (Or. App. 2006) ("As a general rule, we assume that the legislature did not intend any portion of its enactments to be meaningless surplusage.").

The Fehrs' action against Kennedy for legal malpractice is a "subsequent adjudicatory proceeding" within the meaning of the statute. Accordingly, the Fehrs may not introduce any confidential mediation communications to prove their legal malpractice claim. Or. Rev. Stat. § 36.222(6). Without admitting confidential mediation communications, the record is devoid of any evidence of legal malpractice. Therefore, the Fehrs have failed to raise a genuine issue of material fact, and the district court was justified in granting summary judgment in favor of Kennedy.

**AFFIRMED.**